FREDERICK B. WENDT, as Executor, etc., Appellant, *v.* JOHN F. PEYSER and others, Respondents.

*Verification of answer — where defendants severally interested, answer together.*

A copy of the summons and a verified complaint were served upon two of the defendants herein, and an unverified complaint on the third. The defendants served an unverified joint answer.

*Held,* that as their interests were several this could not be done, and that the two defendants upon whom the verified complaints were served must serve verified answers.

APPEAL from an order directing the plaintiff to treat the answers of the defendants, John F. Peyser, Henry M. Peyser and Julia H. Cracaner, as sufficient.

*Chas. Wehle*, for appellant.

*Scudder & Carter*, for respondents.

BRADY, J.:

The nature of this action is such, that we do not discover any particular necessity for exacting from the defendants, the respondents herein, a verified answer. The action is one brought, it seems, for the construction of a will, and the defendants, the respondents, are alleged to have some interest in the estate to which it relates. It appears, however, that the copies of the complaint served upon Henry M. Peyser and Julia H. Cracaner were properly verified, and that the copy served upon John F. Peyser, or obtained for him through the instrumentality of his attorney, was not verified. The Code of Civil Procedure, section 525, declares that the verification must be made by the affidavit of the party, or if there should be two or more parties united in interest and verifying together, by at least one of them, who is acquainted with the facts, except in certain cases, of which this is not one. A section similar to this in the Code of Procedure (section 157) was interpreted in the case of *Gray* v. *Kendall*, by the General Term of the Superior Court (10 Abb., 66), and they declared that when the Code requires the verification to be made by the affidavit of the party, it required the affidavit to be made by every party who united in the pleading and whose interest was several, and that if that was not done, the adverse party could not be required to treat it as a pleading verified according to the provisions of the Code. We think this view of the subject is correct, and that an unverified answer could not properly be served to the verified complaint herein, the interest of the defendants being several. The result is that the plaintiff was entitled to a verified answer from the defendants Henry M. Peyser and Julia H. Cracaner.

The order appealed from is therefore erroneous, and must be reversed, so far as it affects the defendants last named. We think,

however, that they should have an opportunity to answer, and the time should be extended for that purpose twenty days after the entry of this order; and that no costs should be awarded on this appeal to either party.

DAVIS, P.J., and INGALLS, J., concurred.

Order reversed without costs to either party.